**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**KENNETH O. LANEY,**

       **Plaintiff,**

v.                                                                                                    No. CIV-10-0823 LAM

**MICHAEL J. ASTRUE, Commissioner**
**of the Social Security Administration,**

       **Defendant.**

# MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's *Motion to Reverse or Remand Administrative Agency Decision (Doc. 14)* and its accompanying *Memorandum in Support of Motion to Reverse or Remand Administrative Agency Decision (Doc. 15)* (hereinafter, collectively, "motion"), filed in this case on February 15, 2011.  In accordance with 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(b), the parties have consented to the undersigned United States Magistrate Judge to conduct all proceedings and enter a final judgment in this case.  *See Documents 7* and *8.*  The Court has reviewed Plaintiff's *Motion (Docs. 14, 15)*, *Defendant's Response to Plaintiff's Motion to Reverse or Remand the Administrative Agency Decision (Doc. 16)*, Plaintiff's *Reply in Support of Motion to Reverse or Remand Administrative Agency Decision (Doc. 17)*, and the relevant law. Additionally, the Court has meticulously reviewed and considered the entire administrative record (hereinafter "*Record*" or "*R.*").  For the reasons set forth below, the Court **FINDS** that the decision of the Commissioner of the Social Security (hereinafter "Commissioner") should be **AFFIRMED** and Plaintiff's motion should be **DENIED**.

## I.  Procedural History

On February 11, 2008, Plaintiff Kenneth Laney protectively filed an application for Social Security Disability Insurance Benefits, and on April 9, 2009, he filed an application for Supplemental Security Income and, in both applications, he alleges disability since April 11, 2007. (*R. at 93-95* and *101-107.*)  His application for Disability Insurance Benefits was denied at the initial level on May 29, 2008 (*R. at 46-49*) and at the reconsideration level on July 24, 2008 (*R. at 52–54*). On August 1, 2008, Plaintiff requested a hearing (*R. at 55-56*), and on September 17, 2009, Administrative Law Judge (hereinafter "ALJ") Frederick Upshall, Jr. conducted a video hearing (*R. at 22*).  Plaintiff was present and testified at the hearing (*R. at 26–36*), and he was represented by counsel (*R. at 25*).  Vocational expert (hereinafter, "VE"), Kathleen C. Mundy, was also present and testified at the hearing.  (*R. at 22, 36–40.*)

On November 4, 2009, the ALJ issued his decision, finding that under the relevant sections of the Social Security Act, Plaintiff was not disabled.  (*R. at 11–21.*)  On November 19, 2009, Plaintiff requested that the Appeals Council review the ALJ's decision.  (*R. at 6.*)  On June 30, 2010, the Appeals Council denied Plaintiff's request for review, which made the ALJ's decision the final decision of the Commissioner.  (*R. at 1–5.*)  On September 3, 2010, Plaintiff filed his complaint in this case.  [*Doc. 1*].

## II.  Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human*

*Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992)).  If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief.  *See Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).  Courts should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner.  *Hamlin*, 365 F.3d at 1214; *Langley*, 373 F.3d at 1118.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted); *Doyal*, 331 F.3d at 760 (citation and quotation marks omitted).  An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted).  While a court may not re-weigh the evidence or try the issues *de novo*, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met."  *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (citations omitted).  "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

### **III. Applicable Law and Sequential Evaluation Process**

For purposes of disability insurance benefits (DIB) and supplemental security income (SSI), a person establishes a disability when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 405.1505(a), 416.905(a). In light of this definition for disability, a five-step sequential evaluation process (SEP) has been established for evaluating a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the SEP, the claimant has the burden to show that: (1) he is not engaged in "substantial gainful activity;" and (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) his impairment(s) either meet or equal one of the "Listings" of presumptively disabling impairments; or (4) he is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. At the fifth step of the evaluation process, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work in the national economy, considering his residual functional capacity (RFC), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

### **IV. Plaintiff's Age, Education, Work Experience, and Medical History; and the ALJ's Decision**

Plaintiff was born on October 2, 1955, and states that he graduated from high school. (*R. at 26.*) Plaintiff states that during 2006-2007, he worked as a mechanic on a farm, driving trucks

and a "squeeze" which was used to unload bales of hay from a truck. (*R. at 28.*) Plaintiff states that on August 24, 2006, he was dropped 18 feet from a haystack and injured his back, and that on March 28, 2007, he tore his rotator cuff while throwing hay. (*R. at 27.*) Prior to his work as a mechanic, Plaintiff worked setting up mobile homes, including the water and sewer, and in construction doing framing, sheetrock, and ceilings. (*R. at 29* and *161-62.*)

Plaintiff's medical records document treatment from Edward Wade Richardson, D.C. (*R. at 166-83* and *344-47*); El Paso Orthopaedic Surgery Group and Eric Sides, M.D. (*R. at 184-256, 259-98, 303-23,* and *352-96*). Plaintiff's medical records include: consultative examination reports by Sun View Imaging Services (*R. at 257-58*) and Carlos Pastrana, M.D. (*R. at 299-302*); a Physical Residual Functional Capacity Assessment by N.D. Nickerson (*R. at 324-31*); and a Case Analysis from Eileen M. Brady, M.D. (*R. at 335*). Where relevant, Plaintiff's medical records are discussed in more detail below.

At step one of the five-step evaluation process, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since April 11, 2007, the alleged onset date of his disability. (*R. at 16.*) At step two, the ALJ found Plaintiff had "'severe' impairments consisting of residuals from a right rotator cuff repair, degenerative disc disease and sacroiliitis, and osteoarthritis affecting his right knee." *Id.* At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the Listings found in 20 C.F.R. § 404, Subpt. P, App. 1. *Id.* The ALJ stated that Plaintiff's orthopedic impairments did not impose an inability to ambulate effectively or an inability to perform fine and gross movements effectively. *Id.*

Before step four, the ALJ determined that Plaintiff has the RFC to perform light work "such that he is limited in the use of his lower extrem[i]ties for pushing or pulling to weights not exceeding twenty pounds," and that Plaintiff "is limited in the use of his right arm for reaching, including overhead reaching, to occasional frequency." (*R. at 17*.) In support of his RFC finding, the ALJ stated that Plaintiff's "testimonial limitations are not supported by his statements to Dr. Pastrana; the opinions of his treating physicians; the determinations of the State Agency medical consultants; or the results of the functional capacity evaluation." (*R. at 18*.) At step four, the ALJ found that Plaintiff was unable to perform any of his past relevant work, so he proceeded to the fifth step. (*R. at 19.*)

At the fifth and final step, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform, such as a gate guard or a laundry classifier. (*R. at 19-20.*) The ALJ, therefore, determined that Plaintiff was not disabled within the meaning of the Social Security Act. (*R. at 20.*)

## V. Analysis

Plaintiff contends that the ALJ erred by failing to include all of Plaintiff's functional limitations and restrictions in the ALJ's hypothetical questions posed to the VE. [*Doc. 15* at 5]. Specifically, Plaintiff contends that the ALJ erred in failing to put forth to the VE an ambulation restriction identified by consultative physician Dr. Carlos Pastrana, M.D., which, according to Plaintiff, would have resulted in the VE ruling out the jobs the ALJ relied on to find that Plaintiff was not disabled. *Id.* at 6-7. Plaintiff also contends that the ALJ's rejection of the ambulation limitation is unsupported and inconsistent with the medical evidence, so it was legal error for the

ALJ to reject this limitation. *Id.* at 7-9. As relief, Plaintiff asks the Court to reverse the ALJ's decision or, alternatively, to remand the case for a new hearing before an ALJ. *Id.* at 10.

In his response, Defendant disputes Plaintiff's contention, and states that the ALJ properly posed a hypothetical question to the VE that included all of the limitations supported by the record. [*Doc. 16* at 4]. Defendant further states that "[t]he ALJ was not required to find Plaintiff disabled based upon the VE's response to a hypothetical question from Plaintiff's attorney that included limitations the evidence did not support." *Id.* at 4. Defendant disputes that Dr. Pastrana assessed any functional limitations or restrictions for Plaintiff, but, instead, Plaintiff is attributing functional limitations to Dr. Pastrana's examination findings. *Id.* at 5. Defendant states that the ALJ discussed Dr. Pastrana's findings, as well as the medical evidence in the record, and that evidence contradicts the standing and walking limitations Plaintiff contends should have been part of the hypothetical to the VE. *Id.* at 6-7. For these reasons, Defendant states that the ALJ's decision is based on substantial evidence, so the Commissioner's final decision should be affirmed. *Id.* at 8.

In his reply, Plaintiff states that the medical evidence in the record, including Dr. Pastrana's examination, support a finding that Plaintiff is restricted to standing and/or walking no more than 2 hours in an 8-hour work day. [*Doc. 17* at 1-2]. Plaintiff contends that it was error for the ALJ to fail to include this limitation in his hypothetical to the VE. *Id.* at 3-4.

Hypothetical questions must reflect a claimant's impairments and his limitations as supported by the evidence in the record. *Decker v. Chater*, 86 F.3d 953, 955 (10th Cir. 1996) (finding that the ALJ's hypothetical questions to the VE correctly reflected the ALJ's findings with respect to the claimant's condition and credibility) (citations omitted). Hypothetical inquiries "must

7

include all (and only) those impairments borne out by the evidentiary record." *Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995) (citations omitted).  "[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's [now, Commissioner's] decision." *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) (citation and internal quotation marks omitted). Here, the ALJ asked the VE whether jobs exist in the national or regional economy for an individual who can do a range of light work and is:

> limited for use of his dominant right upper extremity for reaching in all directions, including overhead reaching to occasional use only; and further, that he's limited to use of his lower extremities for pushing and pulling such that the amount of the weight would not exceed 20 pounds.  That he can never crawl; that he can only occasionally climb ramps, stairs, ladders, ropes and scaffolds; that he can only occasionally kneel, crouch or stoop.

(*R. at 38.*)  The VE stated that there would be work for such an individual as a gate guard and laundry classifier.  *Id.*  Following this hypothetical, Plaintiff's former counsel at the time of the hearing asked the VE whether those jobs would be available if the hypothetical included limitations to the individual involving "severe problems with the right foot, where he would have severe problems standing or ambulating," and "could only stand for a very short period of time, let's say 15, 20 minutes at the most at a time, or walk a very short distance like a block," and the VE said that those jobs would not be available given those limitations.  (*R. at 39-40.*)  In his decision, the ALJ noted that Plaintiff's attorney posed a hypothetical to the VE that presumed limitations which would eliminate the availability of the jobs the VE found exist for Plaintiff.  (*R. at 20.*)  The ALJ concluded

that, "[b]ased on the record[,] these additional limitations are excessive, without substantial support and inconsistent with the medical evidence as described above." *Id.*

Plaintiff's contention that the ALJ should have included an ambulatory limitation in his hypothetical to the VE is not supported by evidence in the record. Dr. Pastrana did not make a finding that Plaintiff had such standing and walking limitations as were posed by Plaintiff's attorney to the VE. Instead, Dr. Pastrana observed that Plaintiff "ambulated well;" his "[g]ait was good without cane, crutch, or assistive device;" his "[r]ange of motion was full in all extremities except for the right shoulder;" his "[s]upine and sitting straight leg raise tests were negative bilaterally;" Plaintiff "walked on heels and toes without problems;" and Plaintiff's "[t]andem heel-walking was unremarkable." (*R. at 301-02.*) These observations are not consistent with the hypothetical posed by Plaintiff's attorney that Plaintiff had "severe problems with the right foot, where he would have severe problems standing or ambulating," and "could only stand for a very short period of time, let's say 15, 20 minutes at the most at a time, or walk a very short distance like a block." (*R. at 39-40.*) In fact, the limitations posed to the VE by Plaintiff's then-attorney appear to have been speculative and not supported by Dr. Pastrana's medical records at all. At best, they are either his opinion based on what Plaintiff may have told him and, at worst, they are a mischaracterization of what Dr. Pastrana and Dr. Richardson stated in their respective medical records. The ALJ also considered all of the medical evidence in the record (*R. at 17-18*), and found that, based on the record, the additional limitations posed by Plaintiff's counsel were excessive (*R. at 20*). The Court finds that the record supports such a finding. *See* (*R. at 258*) (x-rays showing no acute fractures of the lumbar spine and mild degenerative spondylosis); (*R. at 325*) (Dr. Nickerson's RFC assessment finding that

Plaintiff could perform 6 hours of standing and/or walking in an 8-hour work day); and (*R. at 335*) (Dr. Brady's opinion agreeing with Dr. Nickerson's findings that Plaintiff could perform at "light to medium exertional levels"). Dr. Nickerson's finding that Plaintiff could perform 6 hours of standing and/or walking in an 8-hour day is consistent with the ALJ's finding that Plaintiff could perform "light work." *See* SSR 83-10, 1983 WL 31251 at *6 (1983) (explaining that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday").

The Court rejects Plaintiff's contention that the ALJ should have presented Dr. Richardson's finding that Plaintiff could stand and walk at least two hours per work day (*R. at 344*) to the VE in his hypothetical. First, the Court notes that Dr. Richardson is not considered an "acceptable medical source" under the social security regulations because his practice is limited to chiropractic treatment. *See* 20 C.F.R. §§ 404.1513(a) and (d)(1), 416.913(a) and (d)(1) and SSR 06-03p, 2006 WL 2329939 at *2 (August 9, 2006) (explaining that a chiropractor is not an "acceptable medical source" for providing evidence to establish an impairment). As explained in SSR 06-03p, in making disability decisions, the Social Security Administration relies on "acceptable medical sources" to provide evidence "to establish the existence of a medically determinable impairment," and "acceptable medical sources" are the only sources under the Social Security regulations who can give medical opinions, who can be considered treating sources, and whose medical opinions may be entitled to controlling weight. 2006 WL 2329939 at *2. Medical sources who are not considered to be "acceptable medical sources," such as chiropractors, "may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function," but information from those

sources "cannot establish the existence of a medically determinable impairment." *Id.* Second, Dr. Richardson's finding that Plaintiff can walk at least two hours per work day is not consistent with the hypothetical posed by Plaintiff's attorney. Finally, because Dr. Richardson's finding is not consistent with the medical evidence in the record, the ALJ is not required to present that limitation in a hypothetical to the VE. *See Shepard v. Apfel*, 184 F.3d 1196, 1203 (10th Cir. 1999); *Gay v. Sullivan*, 986 F.2d 1336, 1340-1341 (10th Cir. 1993). In addition, the Court notes that the ALJ included all of the limitations that are in his RFC determination – that Plaintiff "is limited in the use of his lower extrem[i]ties for pushing or pulling to weights not exceeding twenty pounds . . . [and] in the use of his right arm for reaching, including overhead reaching, to occasional frequency" (*R. at 17*) – in his hypothetical to the VE, and Plaintiff is not challenging his RFC determination. *See Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000) (finding that the ALJ properly posed a hypothetical question to the VE which included all the limitations the ALJ ultimately included in his RFC assessment, and rejecting claimant's contention that the ALJ was required to recite all of claimant's impairments in the hypothetical). For these reasons, the Court finds that the limitations the ALJ posed to the VE reflect Plaintiff's limitations as supported by evidence in the record, and Plaintiff's claim that the ALJ erred in failing to include additional limitations fails.

## VI. Conclusion

For the reasons stated above, the Court **FINDS** that the Commissioner's decision is supported by substantial evidence in the record as a whole and comports with relevant legal standards. Accordingly, the Court will **AFFIRM** the decision of the Commissioner and **DENY** Plaintiff's motion.

**IT IS THEREFORE ORDERED** that the decision of the Commissioner is **AFFIRMED** and Plaintiff's *Motion to Reverse or Remand Administrative Agency Decision (Doc. 14)* is **DENIED**. A final order will be entered concurrently with this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

_____
**THE HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**